# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.H.**

**No. 18-0719** (Mercer County 11-JA-234-MW)

**FILED**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.W., by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's June 22, 2018, order denying her motion to modify the dispositional order terminating her custodial rights to the child.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardians ad litem ("guardians"), Catherine Bond Wallace and Andrew Waight, filed a response on behalf of the child in support of the circuit court's order. Respondent stepmother E.S., by counsel William O. Huffman, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request to restore her custodial rights to the child and by failing to consider the child's wishes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, an abuse and neglect petition was filed against petitioner. Upon removal from petitioner's home, the child was placed with her father and stepmother. Petitioner was adjudicated as an abusing parent in 2012 and participated in a post-adjudicatory improvement period. Subsequently, the circuit court terminated her custodial rights to the child in 2013.

In January of 2016, petitioner filed a motion to modify the dispositional order. In support of her motion, petitioner argued that she had experienced a material change in circumstances in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

accordance with West Virginia Code § 49-4-606(a). She explained that she was released from incarceration and placed on parole in 2014, which she completed in April of 2015; she remained on probation and was in compliance with the terms of probation; completed a drug treatment program and had been drug free since 2012; was employed; obtained housing independently; and maintained regular telephone contact with the child.

In August of 2017, petitioner filed a supplemental motion to modify the dispositional order and informed the circuit court that she had remarried. She also informed the circuit court that, although the father and the stepmother had previously separated, the child continued to live with her stepmother. However, the father died in June of 2017. She also explained that a multidisciplinary treatment team meeting was held to discuss visitation with the child and a visit was scheduled, but petitioner was unable to attend that visit. She also explained that she and the child continued to have regular telephone contact.

In June of 2018, the DHHR prepared a summary for the circuit court. In the summary, the DHHR stated that petitioner was participating in a Suboxone program, was on probation, and that she and her husband were complying with random drug screens. Petitioner's drug screens were negative; however, the DHHR was concerned that petitioner's husband was screening positive for alcohol. The DHHR recommended that the child remain in the custody of her stepmother. Also, in June of 2018, the guardians submitted a recommendation report to the circuit court. The guardians recommended that the child continue to live with her stepmother and that petitioner should receive visitation. The circuit court held a hearing on petitioner's motion on June 18, 2018. During the hearing, one guardian testified that petitioner failed to comply with services in the months prior to the hearing. The guardian also testified regarding concerns with petitioner's husband. According to the guardian, the child had a strong bond with both petitioner and her stepmother and was torn between who she wanted to live with. The judge met with the child in his chambers and took the matter under advisement.

In its June 22, 2018, order, the circuit court noted that petitioner participated in one overnight visit with the child in January of 2017 at the maternal grandmother's home. The circuit court acknowledged the progress that petitioner made. However, the circuit court found that petitioner "failed to take the necessary steps to substantially correct the conditions of abuse and neglect that led to the termination of her custodial rights" due to her recent marriage to an "uncertain partner, recent participation in a suboxone program, along with the lack of safe housing, reliable transportation, and reliable phone service." According to the circuit court, these issues showed that petitioner was not able to provide a stable environment for the child. The circuit court granted petitioner visitation during the summer and holidays. Ultimately, petitioner's motion to modify the dispositional order was denied by the circuit court in its June 22, 2018, order. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

2

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her request for the restoration of her custodial rights. Petitioner contends that her custodial rights to the child should be reinstated because she experienced a change in circumstances. Petitioner was released from incarceration, was employed, and obtained housing. However, we do not find this argument persuasive. West Virginia Code § 49-4-606(a) provides, in relevant part, that

> [u]pon motion of a child, a child's parent or custodian or the department alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

Here, the circuit court recognized the progress that petitioner had made since she voluntarily relinquished her custodial rights. However, the record shows that petitioner was unable to provide a stable home for the child due to her lack of safe housing, reliable transportation, and telephone service. Additionally, respondents voiced numerous concerns about petitioner's new husband, who had a criminal history, anger issues, and tested positive for alcohol on numerous occasions. Modification of the dispositional order must be in the child's best interests and petitioner was unable to demonstrate that restoring her custodial rights was in the child's best interests. The record shows that remaining in the stable home with her stepmother and siblings and having visitation with petitioner was in the child's best interests.

While she also argues that the circuit court erred in not restoring her custodial rights because petitioner is the sole remaining natural parent of the child and because the stepmother was not established as a psychological parent of the child, petitioner failed to raise this issue below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009). Therefore, petitioner is not entitled to relief.

Next, petitioner argues that the circuit court erred by not taking into consideration the wishes of the child. This argument is meritless. The record shows that the circuit court spoke to the child and took her wishes into consideration. There is no evidence in the record to show that

the child expressed specific wishes to live with petitioner. According to the record, the child was conflicted regarding whether she wanted to live with petitioner or her stepmother. Ultimately, the circuit court found that the child's welfare was best served by remaining with the stepmother and having visits with petitioner. "'In a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re S.W.*, 233 W.Va. 91, 755 S.E.2d 8 (2014). Therefore, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 14, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison